UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENJAMIN SHIRK,                              Case No. 05-cv-49

     Plaintiff,                             Watson, J.
                                             Black, M.J.
vs.

FIFTH THIRD BANCORP, *et al.,*

     Defendants.

**ORDER GRANTING FIFTH THIRD DEFENDANTS' MOTIONS TO STAY DISCOVERY (Docs. 8, 16) AND, THEREFORE, STAYING DISCOVERY IN THIS MATTER PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS (Docs. 14, 17).**

This matter is before the Court on two motions by defendants Fifth Third Bancorp, Fifth Third Bank, George A. Schaeffer, Jr., Paul L. Reynolds, James F. Girton, Joyce Tillman, and the Fifth Third Pension and Profit Sharing Committee (collectively "Fifth Third defendants") for a stay of discovery pending resolution of their motions to dismiss. (Docs. 8, 16; *see also* docs. 14, 17). Plaintiff opposes the requests for a stay. (Docs. 13, 23). The parties presented their arguments to the Court orally on May 2, 2005.

The Fifth Third defendants seek a stay of discovery pursuant to Fed. R. Civ. P. 26(c) until the Court has ruled on the pending motions to dismiss, and because a stay of discovery is currently in effect in a related case, *Slone v. Fifth Third Bancorp, et al.,* Case No. 1:03-cv-211 (S.D. Ohio) (Rose, J.). (*See* doc. 8). In the Fifth Third defendants' second motion for a stay, they request a stay until a Stipulation and Agreement of

Settlement filed in *Slone* has been finally approved (or disapproved).[1]  (*See* doc. 16).  The Fifth Third defendants maintain that the present ERISA-based action is a repackaging of the securities law claims at issue in *Slone* and that favorable resolution of the motions to dismiss will result in a disposition of the present case in its entirety.  The Fifth Third defendants further maintain that a stay is appropriate pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3).[2]

Plaintiff opposes a stay of discovery on the grounds that the PSLRA does not apply to the present action, which was brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.  (*See* doc. 1 at 2). Plaintiff argues that his claims for breach of fiduciary duty are distinct from claims under federal securities law.  Plaintiff further maintains that a stay of discovery would result in needless delay.

The courts which have addressed the application of the PSLRA stay provision have determined that it does not apply to ERISA actions.  *See In re FirstEnergy Shareholder Derivative Litig.,* 219 F.R.D. 584, 586 (N.D. Ohio 2004) (citing *In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* No. MDL NO. 1500, 02 Civ.8853 (SWK), 2003

---

[1] On March 31, 2005, Judge Rose entered a Preliminary Approval Order certifying the *Slone* litigation as a class action and setting in motion the process for potential approval of settlement of claims under Fed. R. Civ. P. 23.  *Slone,* Case No. 1:03-cv-211, at doc. 86.

[2] The PSLRA provides in pertinent part as follows: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds that upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3).

WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003)).  Thus, contrary to the Fifth Third defendants' claims, a stay is not required under the PSLRA.

"However, the law is well settled that district courts have broad discretion to stay discovery upon a showing a good cause."  *In re AOL Time Warner, Inc. Sec. & ERISA Litig.,* 2003 WL 22227945, at *2 (citing Fed. R. Civ. P. 26(c)).  *See also Nichols v. Baptist Memorial,* No. 02-2561-MAV,  2004 WL 2905406, at * 2 (W.D. Tenn. Apr. 4, 2004) (and cases cited therein).

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part that upon the motion of a party, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order that discovery not be had.  Fed. R. Civ. P. 26(c)(1).

In deciding whether to stay discovery pending resolution of a motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988).  A stay of all discovery pending resolution of a motion to dismiss is not appropriate where resolution of the motion will not dispose of the entire case or where discovery is necessary to gather facts in order to defend against the motion.  *See id.* (citations omitted). The moving party bears the burden of showing good cause and reasonableness for the stay.  *Id.* (citing *Howard v. Galesi,* 107 F.R.D. 348 (S.D.N.Y. 1985)).

The undersigned finds that the Fifth Third defendants have met their burden in this

case relating to entry of a stay of discovery.

First, defendants have filed a motion to dismiss on the grounds, *inter alia,* that the proposed *Slone* Settlement Agreement and Release will resolve all claims asserted in this litigation.  (*See* doc. 14).  While the merits of the motion to dismiss are not now before the Court, an examination of the arguments raised in the motion, and the responsive arguments presented in the memorandum in opposition, suggest that a stay may be proper pending this Court's resolution of the motion to dismiss.  It appears, as argued by defendants, that a ruling in their favor would dispose of this case in its entirety.

Second, it does not appear, and plaintiff does not argue, that discovery is necessary to respond to the motion to dismiss.  Plaintiff has, in fact, filed his memorandum in opposition.  (*See* doc. 23).

It also appears that a stay may be proper pending the district court's rulings in the *Slone* matter.  Plaintiff has filed a motion to intervene and for expedited discovery in that case.  *See Slone,* Case No. 1:03-cv-211, at doc. 87.  Plaintiff seeks leave to intervene in order to challenge the proposed settlement to the extent that it purports to release ERISA-related claims.  *See id.*

To avoid duplication of efforts (and the potential of irreconcilable findings), the undersigned finds that a stay is warranted pending, at the very least, the disposition of plaintiff's motion to intervene in the *Slone* case.

Accordingly, for good cause shown and in the absence of any showing of prejudice to plaintiff, the Fifth Third defendants' motions to stay discovery (docs. 8, 16) are

**GRANTED**, and discovery in this case is **STAYED** pending resolution of defendants'

motions to dismiss (docs. 14, 17) and disposition of plaintiff's motion to intervene filed in

*Slone v. Fifth Third Bancorp, et al.,* Case No. 1:03-cv-211 (S.D. Ohio).

     **IT IS SO ORDERED**.


Date:  5/3/05                          s/Timothy S. Black             
                                          Timothy S. Black
                                          United States Magistrate Judge