UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENJAMIN SHIRK,                            Case No. 05-cv-49

    Plaintiff,                               Watson, J.
                                                            Black, M.J.

vs.

FIFTH THIRD BANCORP, *et al.,*

    Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO CONSOLIDATE AND TO APPOINT LEAD COUNSEL (Doc. 7)**

This matter is before the Court on a motion by Plaintiff, Benjamin Shirk, for an order consolidating this action "with any subsequently-filed related ERISA cases" and appointing Plaintiff's counsel as Lead Counsel. (Doc. 7). Defendants, Fifth Third Bancorp, Fifth Third Bank, Fifth Third Pension and Profit Sharing Committee, and twenty-two (22) individuals (collectively "defendants"), oppose the motion. (Doc. 11).

In support of the motion, Plaintiff states that consolidation is appropriate to avoid unnecessary duplication of efforts and a waste of judicial resources. (Doc. 7 at ¶ a). Plaintiff further states that it is appropriate to appoint his counsel, the firm of Scott + Scott, LLC, as Lead Counsel because it would fairly and adequately represent the interests of a proposed plaintiff class. (*Id.* at ¶ b).

Plaintiff does not cite to any authority by which this Court could or should grant his requests.

The Federal Rules of Civil Procedure provide for consolidation when two or more "actions involving a common question of law or fact *are pending* before the court." Fed. R. Civ. P. 42(a) (emphasis added). The case cited by Plaintiff, *Newby v. Enron Corp.,* 2001 WL 34129601 (S.D. Tex. Dec. 13, 2001), may be distinguished because, in that case, a number of related actions already were pending when the order of consolidation, which purported to include later field actions, was entered. *Id.* at *1. Plaintiff states that the present action is "the first and only action that has been filed ... alleging the operative facts alleged in the Complaint." (Doc. 7, p. 3 n.1).

Appointment of lead counsel also is premature before other counsel have filed cases on behalf of other clients. *Italian Colors Restaurant v. American Express Co.,* No. C 03-3719 SI, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003).

Accordingly, the motion for consolidation and appointment of lead counsel (doc. 7) is **DENIED**, without prejudice to renewal if subsequent circumstances so require.

**IT IS SO ORDERED**.


Date:  5/6/05                                                                s/Timothy S. Black
                                                                             Timothy S. Black
                                                                             United States Magistrate Judge