UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENJAMIN SHIRK,            Case No. 05-cv-49

    Plaintiff,                 Watson, J.
                                    Black, M.J.
vs.

FIFTH THIRD BANCORP, *et al.,*

    Defendants.

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 31); (2) AFFIRMING THE PRIOR ORDER TO STAY DISCOVERY (Doc. 28); AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' CONSOLIDATED MOTION TO STAY FURTHER BRIEFING ON THE MOTION TO DISMISS (Doc. 34)**

This matter is before the Court on a motion by plaintiff Benjamin Shirk for reconsideration of this Court's Order of May 3, 2005, which granted a motion to stay discovery pending disposition of defendants' motions to dismiss (*see* docs. 28, 31, 36). Defendants oppose the motion for reconsideration and seek a stay of further briefing on the motions to dismiss (*see* docs. 33-35, 43, 44).

In granting a stay of discovery, the Court determined, *inter alia,* that disposition of a related securities case, *Slone v. Fifth Third Bancorp, et al.,* Case No. 1:03-cv-211 (S.D. Ohio), could be determinative of claims in the present case, brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. (*See* doc. 28). The Court noted that plaintiff had filed a motion for leave to intervene in the *Slone* to challenge any attempts to resolve ERISA-based claims through a stipulated settlement

of that action. Finally, the Court noted that discovery was not necessary for preparation of a memorandum in opposition to the motions to dismiss because plaintiff has already filed his memorandum in opposition.

In the instant motion for reconsideration, plaintiff states that he has withdrawn his motion to intervene in *Slone*, and that the *Slone* parties have amended the stipulation of settlement to exclude ERISA-based claims. Arguing that resolution of *Slone* will not be determinative of his claims in the present action, he contends that a stay of discovery pending resolution of the motions to dismiss is not warranted.

In opposition, defendants state that their motions to dismiss were based not only on their contention that the instant case was barred by the pending proposed *Slone* settlement, but also on additional grounds unrelated to *Slone*. They further maintain that until the proposed stipulation of settlement is final, concerns over duplicate proceedings and the possibility of inconsistent rulings remain. Defendants allege – and plaintiff does not dispute – that, depending on the outcome of *Slone,* plaintiff may seek to amend his complaint in the present case to add parties and claims; and that an amendment by plaintiff would likely result in an amended motion to dismiss. Defendants ask the Court not only to stay further briefing, but also to enter a scheduling order setting, *inter alia,* deadlines for amendments.

Upon consideration of the parties' submissions, the Court finds that the motion for reconsideration is well-taken, insofar as the record in *Slone* now reflects the parties' intent to exclude from the stipulation of settlement any ERISA-based claims that have been

asserted in the present action. However, upon reconsideration, the Court finds that, at least until the proposed approval of the class action settlement in *Slone* is heard by the Court, the possibility of duplication of judicial efforts (and associated dangers) remains. Thus, the undersigned is persuaded that good cause still exists to stay discovery pursuant to Fed. R. Civ. P. 26(c).

The decision to stay is not, as suggested by plaintiff, a refusal of the Court to exercise its jurisdiction. Rather, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55 (citations omitted). In determining whether a stay is proper, the court may consider the avoidance of unnecessary duplication of effort. *See Chronicle Pub. Co. v. National Broad. Co.,* 294 F.2d 744, 749 (9th Cir. 1961).

It appears that at least until the proposed approval of the class action settlement in *Slone* is heard by the Court, the scope of the present action may not be settled. Therefore, to avoid piecemeal litigation, *see Day v. NLO, Inc.,* 814 F. Supp. 646, 648 (S.D. Ohio 1993), further briefing on the motions to dismiss is stayed.

A review of the Court's docket shows that the *Slone* fairness hearing is set for August 18, 2005. (*See* Case No. 1:03-cv-211, doc. 86). Presumably, the parties to the present litigation will at that time be able to determine whether they wish to amend their

pleadings and what, if any, further briefing of the pending motions to dismiss is required.

The Court, moreover, recognizes its authority to conduct pre-trial conferences and its responsibility to enter scheduling orders.  *See* Fed. R. Civ. P. 16.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for reconsideration is **GRANTED**;

2. Upon reconsideration, the Order granting the motion to stay discovery pending resolution of defendants' motions to dismiss (doc. 28) is **AFFIRMED;**

3. Defendants' consolidated motion to stay further briefing (doc. 34) is **GRANTED IN PART** and **DENIED IN PART,** as follows: (a) the request for a stay of further briefing is **GRANTED**; and (b) the request for entry of a scheduling order is **DENIED, without prejudice**; and

4. The parties are **ORDERED to FILE a JOINT STATUS REPORT on or before August 30, 2005.**  Thereafter, the Court, pursuant to Fed. R. Civ. P. 16(b), will conduct a Scheduling Conference and enter a Calendar Order.

**IT IS SO ORDERED**.

Date:  6/29/05                                             s/Timothy S. Black                      
                                                                                  Timothy S. Black  
                                                                                 United States Magistrate Judge