UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN SHIRK, *et al.*, | : | Case No. 1:05-cv-049 |
| Plaintiffs, | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| FIFTH THIRD BANCORP, *et al.*, | : | |
| Defendants. | : | **ORDER** |

This civil action is before the Court upon plaintiffs' motion to compel defendants to produce documents. (Doc. 155). The documents which plaintiffs ask the Court to order defendants to produce are confidential bank examination documents.

The defendants, and the Board of Governors of the Federal Reserve System, and the Ohio Superintendent of Financial Institutions, individually and collectively, object to production of these documents, asserting that their production is precluded by the federal bank examination privilege and the Ohio statutory bank examination privilege. These parties have presented to the Court an annotated privilege log, identifying 192 allegedly privileged documents, as well as the documents themselves, all contained within two five-inch thick binders, totaling perhaps 1,528 pages. Upon the Court's *in camera* review of the documents, and in consideration of the law and a factual finding of inextricable intertwining of deliberative indications and facts within the documents, the Court holds that these documents are privileged, that good cause to vitiate the privilege has not been established, and, therefore, that the bank examiner documents shall not be produced.

The Federal Reserve Board ("the Board") is a federal agency authorized by law to regulate and examine or inspect bank holding companies and state chartered banks that are members of the Federal Reserve system. 12 U.S.C. §§1844, 248(a). The Board carries out these functions through the regional Federal Reserve Banks, to which examination authority is delegated. 12 U.S.C. § 248(k).

Defendant Fifth Third Bancorp is a financial holding company regulated by the Board. 12 U.S.C. §§ 1843, 1844. Defendant Fifth Third Bank, a subsidiary of Fifth Third Bancorp, is a state chartered bank and a member of the Federal Reserve system, whose primary federal banking regulator is the Board. 12 U.S.C. §§ 325, 1813. Fifth Third Bank is also regulated by the State of Ohio Department of Commerce, Division of Financial Institutions ("ODFI").

On April 2, 2001, Fifth Third acquired Old Kent Bank Financial Corp. ("Old Kent"). As alleged in plaintiffs' second amended class-action complaint, commencing in September 2002 and continuing through March 2003, Fifth Third announced in a series of public Securities and Exchange Commission filings: that it had discovered certain internal control and accounting irregularities related to the Old Kent acquisition; that it had taken a charge against earnings; and that its disclosure of these irregularities had led to regulatory action by the Federal Reserve and the ODFI.

On March 26, 2003, the Federal Reserve Board and the ODFI entered into a Written Agreement with Fifth Third. By statute, a Written Agreement is a public, non-confidential document. 12 U.S.C. § 1818 (u)(1)(A). However, the examination reports and communications leading up to the Written Agreement, and plans, reports, and recommendations that Fifth Third was required to prepare pursuant to the Written Agreement are "confidential supervisory information." 12 C.R.F. § 261.2(c)(i) and (iii). The category of "confidential supervisory information" includes "reports of examination," as well as "documents prepared ... on behalf of, or for the use of the Board, a Federal Reserve Bank, or any federal or state financial institutions supervisory agents." *Id.* Thus, documents which contain "agency opinions and recommendations and banks' responses thereto [are] protect[ed] from disclosure." *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995).

The courts, including the United States Court of Appeals for the Sixth Circuit, have long recognized a qualified privilege for communications between a bank and its regulators. *Bankers Trust, supra; In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992). In *Bankers Trust, supra*, the Sixth Circuit vacated and remanded the district court's order requiring disclosure of Federal Reserve examination reports and related documents, finding "the district court failed to weigh whether the privilege should or should not be honored." 61 F.3d at 472. The Sixth Circuit observed that "the primary purpose of the privilege is to preserve candor and communications between bankers and examiners, which is considered essential to the effective supervision of banking institutions." *Id.* at 471. The Sixth Circuit held that the privilege protects the agency's "opinions and recommendation and the banks' responses thereto," *id.* at 471, "but does not cover purely factual matters." *Id.*

While the bank examination privilege is a qualified one, rather than an absolute privilege, it is one firmly grounded in practical necessity. As another federal court of appeals explains:

> Bank safety and soundness supervision is an iterative process of comment by the regulators and response by the bank. The success of the supervision therefore depends vitally upon the quality of communications between the regulated banking firm and the bank regulatory agency .... Bank management

must be open and forthcoming in response to the inquiries of bank examiners, and the examiners must in turn be frank in expressing their concerns about the bank. These conditions simply could not be met as well if communications between the bank and its regulators were not privileged.

*In re Subpoena, supra,* 967 F.2d at 634.

"[H]owever, the privilege is a qualified one. Purely factual material falls outside the privilege, and, if relevant, must be produced." *Bankers Trust, supra,* 61 F.3d at 471. Likewise, the privilege may be overridden as to its protection of deliberative material if good cause is shown. *Id.* And in evaluating good cause, "the court must balance the "competing interests" of the party seeking the documents and those of the government" and "[at] minimum, the court must consider: 1) the relevance of the evidence sought to be protected; 2) the availability of other evidence; 3) the 'seriousness' of the litigation and the issues involved; 4) the role of government in the litigation; and 5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Id.*

Here, the plaintiffs fail to satisfy most of the factors to be considered when evaluating whether deliberative information should be produced upon an overriding of the bank examination privilege.

First, the relevance of the evidence sought by the plaintiffs in derogation of the privilege is not apparent. The regulatory documents that plaintiffs are seeking were all initiated and prepared after Fifth Third had already disclosed its accounting problems, which give rise to this lawsuit. As to the regulatory documents, the Exam Report was provided to Fifth Third on March 17, 2003, and the plans and recommendations which Fifth Third provided to its regulators between April 2003 and April 2004 were prepared well after the 2001 – 2002 time when plaintiffs allege that Fifth Third learned of its accounting and internal control problems. Fifth Third's alleged malfeasance took place before Fifth Third was presented with the Exam Report on March 17, 2003 and before Fifth Third implemented the corrective measures required by the Written Agreement. Against this backdrop, the privileged regulatory documents plaintiffs are seeking are well outside the time period of the alleged malfeasance at issue. The lack of apparent relevance of the privileged documents militates heavily against, if not precludes, requiring their production.

The second factor also weighs against disclosure as other evidence is available to support or refute plaintiffs' claims. In particular, Fifth Third's own internal business records of the facts, which are not subject to the bank examination privilege, are likely to show when Fifth Third became aware of these issues and how it remediated. *See In re*

*Banc One Securities Litigation,* 209 F.R.D. 418, 427 (N.D. Ill. 2002) (second prong not met where plaintiffs have access to raw factual materials underlying the examiners' opinions).

Third, although this action is undoubtably "serious," an ERISA action between private litigants, where money damages [to the Plan] are the remedy, does not rise to the level of seriousness which would require production of confidential bank examination materials.

Fourth, the Board and ODFI have fulfilled their duties as bank regulators with respect to the practices of Fifth Third at issue here, have concluded the Written Agreement, do not have a direct interest in the outcome of this case, and are not likely to continue as interveners. Accordingly, the fourth prong is not met, either.

Fifth, forced disclosure of confidential supervisory information exchanged between the bank and its regulators does indeed raise "the possibility of timidity by government employees who will be forced to recognize that their secrets are violable." *Bankers Trust, supra,* 61 F.3d at 472. The potential chilling effect on candid interaction between banks and regulators is not insignificant. Moreover, here, the bank consented to regulatory action. The potential that banking institutions would avoid consensual undertakings and require the government to litigate the supervision in an adversarial proceeding further militates against production of these privileged documents.

Moreover, upon an *in camera* review, the Court finds here that the documents sought are not purely factual in nature. Indeed, factual and deliberative information is largely inextricably intertwined in the documents. And the mixture of facts and deliberative indications is not amenable to being segregated.

Accordingly, on balance, the documents not containing purely factual material, but indeed containing inextricably intertwined deliberative indications, and good cause not having been shown for overriding the Ohio and federal bank examiner privileges, the Court hereby determines as PRIVILEGED the documents so-identified on the privilege log and bars plaintiffs from discovery of them. Therefore, plaintiffs' motion to compel (Doc. 155) is hereby DENIED.

**IT IS SO ORDERED.**

Date: 7/2/08

Timothy S. Black
United States Magistrate Judge