UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN SHIRK, *et al.*, | : | Case No. 05-cv-049 |
| | : | |
| Plaintiffs, | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| FIFTH THIRD BANCORP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS TO PRODUCE 2001-2002 E-MAIL DOCUMENTS (Doc. 237)**

This case is before the Court on plaintiffs' motion to compel production of e-mails located on newly disclosed backup tapes from 2001-2002 (Doc 237). Defendants have filed a memorandum in opposition (Doc. 246), and plaintiffs have filed a reply memorandum (Doc. 248).

The Court has already devoted considerable time and effort to the issue of electronic discovery in this case. As plaintiffs recite, "Plaintiffs spent eighteen months conferring with Defendants about backup tapes from the 2001–2002 time period, ...[then had to] file[] a motion to compel ... [and] [f]ollowing numerous hearings on the issue, the Court, in a March 14, 2008 order, ordered Defendants to produce the e-mails belonging to the[] ten executives on the Pension and Profit Sharing Committee" [from 2001–2002]." (Doc. 237 at pp. 1-2).

The Court's Order requiring production of the 2001-2002 documents (Doc. 207) expressly reserved consideration of ordering further production of documents relating to 2003 and 2004. The clear inference to be drawn from the Order was that the Court intended to use the restoration and production of 2001–2002 documents as a sampling as to the efficacy of requiring production of 2003 and 2004 documents.

About 30 days after entry of the Court's Order, defendants disclosed for the first time the existence of an additional 700 tapes from the 2001–2000 time period. About 72 of these tapes appear to contain e-mails of the Pension and Profit Sharing Committee's ten executives during the 2001–2002 time period. Defendants had not disclosed their existence to the Court during its deliberations and subsequent Order of March 14, 2007.

Defendants now take the position they need not produce the newly disclosed documents. Defendants assert that their restoration of 21 backup tapes from 2001–2002 was merely a "sample restoration, consistent with the Court's March 14, 2008 Order," as, according to defendants, "the Court reserved consideration of ordering the restoration of additional tapes, in part, until this sample was complete." (Doc. 246 at p. 1).

Defendants misstate the Court's Order. The Court ordered the defendants to restore and produce backup tapes from 2001–2002. The only decision the Court reserved was whether or not to order production of electronic documents from 2003 and 2004.

The failure of defendants to disclose the existence of additional tapes from 2001–2002 before the Court entered its Order does not suddenly empower the defendants to cause the Court to revisit its decision based on the defendants' then-disclosed documents. While defendants' failure to disclose appears to have been innocent, it sandbags the Court.

Upon careful review, and consistent with its Order of March 14, 2008, the Court concludes that plaintiffs have met their initial burden of showing that their request for the emails (and attachments) belonging to the ten Fifth Third executives who served on the Pension and Profit Sharing Committee in 2001-2002 is relevant to the issues in this case, and that good cause exists for their production, and that even if the information sought by plaintiffs is "inaccessible," defendants have failed to make a credible showing of undue burden and cost sufficient to avoid the obligation to produce responsive documents or to shift the costs to plaintiffs.

Accordingly, and for good cause shown, plaintiffs' motion to compel (Doc. 237) is **GRANTED**, and defendants shall restore and review the 72 newly disclosed backup tapes that appear to contain e-mails created by or sent to the ten executives of the Pension and Profit Sharing Committee during September 2001 through 2002 and shall produce all responsive non-privileged documents captured by such review.

The Court reserves consideration of ordering production of electronic documents relating to 2003 and 2004 until production of the 2001–2002 documents is completed and its results are reviewable.

**IS SO ORDERED**.

Date: 9/26/08

Timothy S. Black
United States Magistrate Judge