UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN SHIRK, *et al.*, | : | Case No. 05-cv-049 |
| | : | |
| Plaintiffs, | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | **ORDER GRANTING PLAINTIFFS'** |
| | : | **MOTION FOR CLASS CERTIFICATION** |
| FIFTH THIRD BANCORP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

Before the Court is Plaintiffs' Motion for Class Certification (Doc. 42), the Fifth
Third Defendants' Memorandum in Opposition (Doc. 90), the Outside Directors'
Memorandum in Opposition (Doc. 89), and Plaintiffs' Reply Memorandum (Doc. 109).
Upon careful review, the Court concludes that this case is entirely appropriate for
certification as a class action, and, accordingly, Plaintiffs' Motion for Class Certification
is **GRANTED** for the reasons stated below.

I.      Nature of the Claims.

Plaintiffs and Proposed Class Representatives, Benjamin Shirk and Ronald Jauss,
are former Fifth Third employees who are and have been participants in the Fifth Third
Bankcorp Master Profit Sharing Plan (the "Plan") during the relevant time period. They
seek to represent a class of over 20,000 Fifth Third employees and retirees who have also
participated in the Plan during the relevant period,[1] alleging that all participants in the
Plan suffered staggering losses to their retirement accounts resulting from Defendants'
uniform, Plan-wide breaches of their fiduciary duties. The central issue in this case is
whether or not Fifth Third stock was an imprudent investment for the Plan during the
relevant period.

---

[1]  Plaintiffs seek certification of a Class defined as:

> "All persons who were participants in or beneficiaries of the
> Fifth Third Bancorp Master Profit Sharing Plan (the "Plan")
> at any time between September 21, 2001 and the present and
> whose accounts held or included investments in Fifth Third stock."

However, as to the relevant time period, the Court has already determined that the
relevant time period for discovery is September 21, 2001 through April 7, 2004.

Plaintiffs allege that Fifth Third stock was not a prudent investment for the Plan in light of Fifth Third's inappropriate accounting and business practices, resulting in a breakdown in internal controls which caused Fifth Third to suffer an $81 million dollar pre- tax charge due to a treasury impairment.

Specifically, Count I alleges that Defendants breached their fiduciary duties by offering Fifth Third stock as an investment option for the Plan when Fifth Third stock was an imprudent investment; by making the Company match in Fifth Third stock at a time when Defendants knew or should have known that it was imprudent to do so; and by holding virtually all assets of the Fifth Third Bank Common Stock Fund in Fifth Third stock instead of other more suitable short-term options within the Fund. Count II alleges that Defendants breached their fiduciary duties by providing incomplete and misleading information to Plan participants regarding the prudence of investing in Fifth Third stock. Count III alleges that certain Defendants failed in their fiduciary duties to appropriately monitor the Plan's other fiduciaries and to provide them with accurate information about the Company's business improprieties and their effect on the continuing prudence of investing in Fifth Third stock. Count IV alleges that Defendants suffered from actual conflicts of interest and failed to act solely in the interest of the Plan participants. Count V alleges that certain of the Defendants are liable as co-fiduciaries under ERISA's § 405. Count VI alleges that certain Defendants are liable for knowingly participating in the breaches of their co-fiduciaries.

The quintessential claim is that Fifth Third stock was an imprudent investment for the Plan throughout the class period. Plaintiffs allege that the Defendants, all of whom are Plan fiduciaries, knew or should have known that the merger of Fifth Third with Old Kent Financial Corp. severely strained Fifth Third's infrastructure and exposed a widespread breakdown in Fifth Third's internal controls, which breakdown seriously compromised the integrity of Fifth Third's financial reporting and ultimately led Fifth Third to take an $81 million dollar pre-tax charge for its erroneous accounting reconciliation. Plaintiffs further allege that Fifth Third's misconduct and breakdown in internal controls was so severe that it led both the Federal Reserve and the SEC to investigate whether Fifth Third's rapid growth had outpaced its internal controls and processes. Plaintiffs further allege that the Federal Reserve considered the misconduct of Fifth Third to be so severe that the Federal Reserve took formal action against the Company, requiring Fifth Third to enter into a Written Agreement in which the Company admitted that it had lacked appropriate internal financial controls and processes and covenanted to remedy the failings.

Thus, the second amended complaint alleges at its core in Counts I-VI that Defendants knew or should have known that Fifth Third was engaged in questionable business practices and suffering a breakdown in internal controls which made Fifth Third stock an imprudent investment for the Plan. And yet, Plaintiffs allege, Defendants failed to take any action to protect Plan participants from losses as a result of the Plan's imprudent investment in Fifth Third stock.

II.     Requirements for Class Certification

ERISA breach of fiduciary duty claims like those asserted here are appropriate for
class action treatment.  ERISA fiduciary cases are brought in a representative capacity
under ERISA § 502(a)(2), which authorizes a participant in an employee retirement plan
to seek recovery on behalf of the plan as a whole.  Due to the representative nature of
these actions, federal courts have overwhelmingly held that ERISA breach of fiduciary
duty claims are appropriate for class action treatment.[2]

For a case to be certified as a class action, the proposed group of litigants must
satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and fall
within one of the three subdivisions of Rule 23(b).[3]

A.     Rule 23(a)

This case easily satisfies the four requirements for class certification under Rule
23(a) – *i.e.*, numerosity, commonality, typicality, and adequacy of representatives.

1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is
impracticable."  This numerosity requirement is satisfied in cases where the class is made
up of a large group of potential plaintiffs, and numerosity is generally found in an ERISA

---

[2] *See, e.g., DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70 (E.D. Va. 2006); *In re Williams
Co. ERISA Litig.*, 321 F.R.D. 416 (N.D. Okla. 2005); *In re Syncor ERISA Litig.*, 227 F.R.D. 338
(C.D. Cal. 2005); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004);
*Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D.
539 (E.D. Mich. 2004); *LaFlamme v. Carpenters Local #370 Pension Plan*, 212 F.R.D. 448
(N.D.N.Y. 2003); *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126 (E.D.N.Y. 2003);
*Bublitz v. E.I. DuPont de Nemours & Co.*, 202 F.R.D. 251 (S.D. Iowa 2001); *Thomas v.
SmithKline Beecham Corp.*, 201 F.R.D. 386 (E.D. Pa. 2001); *In re Ikon ERISA Litig.*, 191 F.R.D.
457 (E.D. Pa. 2000); *Kolar v. Rite Aid Corp.*, 2003 WL 1257272 (E.D. Pa. Mar. 11, 2003);
*Amara v. Cigna Corp.*, 2002 WL 31993224 (D. Conn. Dec. 20, 2002); *Koch v. Dwyer*, 2001 WL
289972 (S.D.N.Y. March 23, 2001); *Caluser v. Newell Rubbermaid, Inc.*, 2000 WL 1053395
(E.D. Pa. 2000); *White v. Sundstrand Corp.*, 1999 WL 787455 (N.D. Ill. Sept. 30, 1999); *Kane v.
United Indep. Union Welfare Fund*, 1998 WL 78985 (E.D. Pa. Feb. 24, 1998).

[3] Here, although Defendants argue otherwise, "the issues are plain enough from the
pleadings to determine whether the interests of the absent parties are fairly encompassed within
the named plaintiff's claim." *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982).

case like the present one.[4]  Here, the proposed class includes all Plan participants and their beneficiaries, a group that allegedly numbers over 20,000.  Moreover, the proposed class includes current and former employees who are located throughout the United States, making joinder impracticable.  Further, these employees would also have difficulty bringing suits individually because of the complexity and cost of litigating this type of action.

Accordingly, the numerosity requirement is met.

2. Commonality

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class," an element which is known as "commonality."  Typically, "the question of defendants' liability for ERISA violations is common to all class members because a breach of fiduciary duty affects all participants and beneficiaries."[5]

Here, the second amended complaint identifies several common issues of law and fact at issue in this case, including whether the Defendants acted as fiduciaries, whether the Defendants breached their fiduciary duties to the Plan and members of the class, whether the Defendants failed to act prudently and solely in the interest of the Plan and the Plan's participants and beneficiaries, whether the Defendants violated ERISA, whether the Plan and the members of the class sustained damages, and, if so, what the proper measure of damages would be.  These questions of fact and law are common to all members of the class.

Thus, the commonality requirement is satisfied.

3. Typicality

Rule 23(a)(3) requires that "the claims . . . of the representative parties be typical of the claims . . . of the class."  A proposed class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and [the] claims are based on the same legal theory."[6]  "The purpose of this requirement is to ensure that the class representatives have suffered injuries in the same general fashion as absent class members."[7]

---

[4] *See, e.g., Cigna, supra,* 2002 WL 31993224 at *2; *Babcock v. Computer Assocs., supra,* 212 F.R.D. at 130; *Rankin v. Rots ("Kmart"), supra,* 220 F.R.D. at 517.

[5] *Banyai v. Mazur*, 202 F.R.D. 160, 1963 (S.D.N.Y. 2002) (citation omitted).

[6] *Little Caesar Entpr., Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997).

[7] *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 260 (D.D.C. 2002).

-4-

In the present case, the Proposed Class Representatives' claims concerning their retirement accounts arise from the same events, course of conduct, and legal theories as the claims of the class.[8] Generally, there is little doubt that a class representative's breach of fiduciary duty claim is in every respect typical of those of his fellow class members.[9] Typicality is further supported by the fact that ERISA contains unique standing and remedial provisions that allow a participant who sues for a breach of fiduciary duty to obtain plan-wide relief.[10]

Here, with each class member stating the same claims and seeking the same relief,[11] the claims asserted in this case clearly are typical for the purposes of Rule 23(a)(3).

### 4. Adequacy of Representatives

Rule 23(a)(4) requires the Court to determine whether "the representative parties will fairly and adequately protect the interests of the class." This requirement calls for a two pronged inquiry: "(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."[12] Rule 23(a)(4) tests "the experience and ability of counsel for plaintiffs and whether there is any antagonism

---

[8] Defendants' argument that Jauss is not typical because he faces a unique defense is unavailing because the release Jauss signed in 1998 cannot as a matter of law be a release of future claims under ERISA, as are the claims he asserts here. *See Taylor v. Visteon Corp.*, 2005 WL 2108333, at 426-27 (6th Cir. Sept. 1, 2005) (citing *Davis v. Iron Works*, 1989 WL 36897, at *5 (6th Cir. Apr. 19, 1989) and 29 U.S.C. § 1110(a)).

[9] *Rite Aid, supra*, 2003 WL 1257272, at *2.

[10] *See* ERISA § 502(a)(2); *see also Kmart, supra*, 220 F.R.D. at 519.

[11] According to Plaintiffs, the Count II misrepresentation claims are based entirely on a uniform, Plan-wide failure of Defendants to provide complete and accurate information to participants regarding Fifth Third stock. Although Defendants argue that the misrepresentation claims are not appropriate for class action treatment because individualized issues such as materiality and reliance predominate over those issues which are typical to the class, such an argument has been consistently rejected by the courts and is rejected here by this Court. *See, e.g., Kmart, supra*, 220 F.R.D. at 522-23; *CMS Energy, supra*, 225 F.R.D. at 544; *Ikon, supra*, 191 F.R.D. at 464; *Nelson v. IPALCO Enters., Inc.*, 2003 WL 23101792, at *5 (S.D. Ind. Sept. 30, 2003).

[12] *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976).

-5-

between the interests of the plaintiffs and other members of the class they seek to represent."[13] These two requirements are met here.

Because the named Plaintiffs are challenging the same alleged unlawful conduct and seeking the same relief as would the rest of the class, the interests of the named plaintiffs are sufficiently aligned with those of the class members to satisfy the first prong of the adequacy of representation requirement.[14]

Moreover, the Proposed Class Representatives have no interest that is antagonistic to those of the other class members. Here, the Proposed Class Representatives are former Fifth Third employees and participants in the Plan who believe that Defendants failed to protect the money in the Plan[15] and who understand their obligations to assist their attorneys in prosecuting the case and testifying. Moreover, the Proposed Class Representatives have retained class counsel who possess significant experience in federal class actions, including ERISA cases. The Court has no doubt that the representatives will vigorously prosecute the interests of the class through qualified counsel.

Accordingly, the Proposed Class Representatives are adequate class representatives and satisfy the requirements of Rule 23(a)(4).

B.    Rule 23(b)

In addition to meeting the prerequisites of Rule 23(a), a party seeking to certify a case as a class action must also satisfy one of the subdivisions under Rule 23(b)(1) or (b)(2) or (b)(3). In an ERISA breach of fiduciary duty case like the one presented here, courts have routinely found that class certification is appropriate under Rule 23(b), and most usually Rule 23(b)(1).[16]

---

[13] *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977).

[14] *SmithKline, supra*, 201 F.R.D. at 396.

[15] The Court is taken aback by the suggestion that Shirk and Jauss believe continued investment in Fifth Third stock by the Plan was prudent – a position that would run counter to the quintessential claim of this case. However, analyzing the merits of Plaintiffs' claims is not properly considered at the time of certification. *Eisen v. Carlise & Jacquelin*, 417 U.S. 156, 177 (1974); *Martin v. American Med. Sys, Inc.*, 1995 WL 680630, at *4 (S.D. Ind. 1995).

[16] *See, e.g., Kmart, supra*, 220 F.R.D. at 522; *CMS Energy, supra*, 225 F.R.D. at 546; *Koch, supra*, 2001 WL 289972, at *5; *SmithKline, supra*, 201 F.R.D. at 397; *Ikon, supra*, 191 F.R.D. at 466; *Bunnion v. Consol. Rail Corp.*, 1998 WL 372644, at *13 (E.D. Pa. May 14, 1998); *see also* Advisory Comm. Notes to Fed. R. Civ. P. 23(b)(1)(B) (1966 Amendment).

-6-

Under Rule 23(b)(1), the Court may certify a class if:

(1)     the prosecution of separate actions by or against individual members of the class would create a risk of ...

   * * *

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Most courts have followed the reasoning of the Advisory Committee Notes to the Federal Rules and concluded that subsection (b)(1)(B) is the most appropriate subsection for class certification in an ERISA breach of fiduciary duty case.[17]

The Advisory Committee Notes provide:

[Rule 23(b)(1)(B)] takes in situations where the judgment in a non-class action by or against an individual member of the class, while not technically concluding the other members, might do so as a practical matter. The vice of an individual action would lie in the fact that the other members of the class, thus practically concluded, would have had no representation in the lawsuit . . . [This] reasoning applies to an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust.

Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment).

The situation described in the Advisory Committee Notes reflects precisely the situation presented in the instant case. An ERISA action to enforce fiduciary duties is brought in a representative capacity on behalf of the Plan as a whole. Any relief granted by a court to remedy a breach of fiduciary duty inures to the benefit of the Plan as a whole, rather than to individual plaintiffs. Given this nature of an ERISA claim which authorizes Plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief (and there is also a risk of inconsistent dispositions that would prejudice the Defendants).

---

[17] *See, e.g., Banyai, supra*, 205 F.R.D. at 165.

-7-

Clearly, adjudication of Plaintiffs' claims here will likely be dispositive of the claims of other potential class members.[18] Because an individual ERISA action to remedy breaches of fiduciary duties would substantially impair or impede the ability of absent beneficiaries and participants to protect their interests, the Court is compelled to certify this case as a class action.[19]

This case presents a textbook example of a case that is appropriate for class treatment under Rule 23(b)(1)(B). And because a party seeking class certification need only satisfy one of the criteria set forth in Rule 23(b), this Court need not reach the other potentially applicable subsections of Rule 23(b), having concluded that certification is appropriate under Rule 23(b)(1)(B).

V.     Rule 23(g) - Adequacy of Class Counsel

Rule 23(g) complements Rule 23(a)(4)'s adequate representation requirement by focusing on class counsel. Under Rule 23(g), the Court must determine that counsel possesses the abilities to fairly and adequately represent the interests of the class.

Here, proposed class counsel is very experienced in class actions, including the ones brought on behalf of an ERISA 401(k) plan. And in this case, proposed class counsel has devoted significant effort to identifying and investigating the claims in this action, has researched and drafted allegations in the class action complaints, has successfully defended against the Defendants' several efforts to dismiss the action, and has vigorously pursued discovery, including prevailing on two motions to compel electronic discovery.

The Court has no doubt whatsoever that proposed class counsel will vigorously, fairly, and adequately represent the interests of the proposed class, as required by Rule 23(g)(1)(B).

---

[18] *Kmart, supra*, 220 F.R.D. at 523; *Kane, supra*, 1998 WL 78985, at *9.

[19] *Specialty v. Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co.,* 140 F.R.D. 474, 479 (S.D. Ga. 1991).

VI.    Conclusion

This case is well suited for class certification because it will simplify and streamline the judicial proceedings. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Class Certification (Doc 42), certifies the proposed class pursuant to Rules 23(a) and 23(b)(1)(B), and hereby appoints Benjamin Shirk and Ronald Jauss as class representatives, and Scott & Scott, LLC as class counsel.

**IT IS SO ORDERED.**

Date: _9/30/08_

Timothy S. Black
United States Magistrate Judge